STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v.
BRODERICK MIDDLETON, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted February 15, 1978—Decided March 7, 1978.

Before Judges LYNCH, KOLE and PETRELLA.

*Mr. Stanley C. Van Ness,* Public Defender, attorney for appellant (*Ms. Rosemary K. Reavey,* Assistant Deputy Public Defender, on the letter brief).

*Mr. John Degnan,* Attorney General of New Jersey, attorney for respondent (*Mr. William F. Hyland,* former Attorney General of New Jersey; *Mr. Robert J. Genatt,* Special Deputy Attorney General, on the letter brief).

PER CURIAM. Defendant pleaded guilty to an indictment charging him with conspiracy to violate the narcotics laws, contrary to *N. J. S. A.* 24:21–24. In conformity with a plea agreement, the State recommended that any custodial sentence imposed not exceed eight months. At the time of sentencing, the judge said:

I am going to limit myself to the sentence in custody as indicated by the Prosecutor, eight months in custody, and two years' probation. You will receive credit for the time you have served in jail, and during your probation you are to submit to urine monitoring * * *.

The judgment indicates the sentence was to be served at the Essex County Correctional Center.

Defendant served his eight-month custodial term and then moved for reduction of his sentence, contending the probationary portion was illegal because the court had not expressly suspended any portion of his custodial term. After hearing argument, the judge said:

I'm going to confirm and reaffirm the sentence heretofore imposed, but I'll correct the misapplication of the language and my sentence is that he be confined to the Essex County Correction Center for a term of eight months. The balance of any custodial sentence, which under the law that the Court could have imposed up to twelve years is suspended, and the defendant is placed on probation for two years.

Defendant appeals, contending that the imposition of probation without a suspension of any part of the custodial term is illegal and that the attempted correction of the sentence is likewise illegal because there could not be a 12-year sentence imposed, the maximum period of confinement to a county institution being 18 months.

We agree. *N. J. S. A.* 2A:168–1 confers jurisdiction on the courts to "suspend the imposition or execution of a sentence and also to place a defendant on probation."

We have held that "if a flat custodial sentence is imposed without suspension, the inclusion of a provision for probation is illegal." *State v. Pietrowski,* 136 *N. J. Super.* 383, 388 (App. Div. 1975). This is to be distinguished from the situation which exists where a custodial sentence is not mentioned and defendant is simply placed on probation. Under those circumstances, a period of suspension is implied, so as to validate the probationary period. *Adamo v. McCorkle,* 13 *N. J.* 561, 567 (1953), *cert.* den. 347 *U. S.* 928, 74 *S. Ct.* 531, 98 *L. Ed.* 1080 (1954).

The probationary period imposed here is not validated by the remarks of the sentencing judge made at the conclusion of the motion for a reduction of the sentence. The custodial portion of the sentence had been served in the Essex

County Correctional Center. The maximum period of confinement in the county workhouse is 18 months. *N. J. S. A.* 2A:164–15. Therefore, the imposition of a custodial sentence over 18 months and up to 12 years would have been illegal.

The State suggests we invoke our original jurisdiction and amend the sentence to conform to the obvious intent of the trial judge. We refrain from doing so. Defendant here has completed serving his custodial term. The probationary term originally imposed and that imposed at the hearing of the motion for reduction were both illegal and must be vacated.

The two-year term of probation is hereby vacated. The judgment of conviction and the eight-month sentence imposed, in all other respects, are affirmed.